[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11168
Non-Argument Calendar

_____

Agency No. A96-204-306

HERMAN OLOAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 27, 2009)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Herman Oloan seeks review of a decision by the Board of Immigration

Appeals ("BIA") dismissing his appeal of an order by the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). The BIA found that Oloan failed to show that he had timely filed for asylum, had not met his burden of proving eligibility for withholding of removal, and did not specifically challenge the denial of CAT relief. For the reasons that follow, we DISMISS in part and DENY in part his petition for review.

## I. BACKGROUND

Oloan, a native and citizen of Indonesia, entered the United States on 17 February 2002 as a C1 immigrant with authorization to remain in the United States for twenty-nine days. See Administrative Record ("AR") at 362. On 20 June 2003, the Department of Homeland Security began removal proceedings for Oloan and served him with a notice to appear, alleging that he remained in the United States without authorization. See id. On 31 March 2006, Oloan filed an application for asylum and withholding of removal, in which he contended that, as a Christian, he feared future persecution if he returned to Indonesia. See AR at 107–08. In a hearing before the IJ, he admitted the factual allegations against him and conceded removability under 8 U.S.C. § 1227(a)(1)(B). See AR at 62–63. The IJ found that his asylum application was untimely and that, even if the

2

application had been timely, Oloan's persecution and torture allegations all involved generalities rather than specific instances directed at him or his family and friends. See AR at 49–50. The IJ therefore denied his application for asylum, withholding of removal, and CAT relief. See id.

Oloan appealed the IJ's decision to the BIA and argued that he was entitled to withholding of removal because it was more likely than not that, upon return to Indonesia, he would be persecuted based on his faith. See AR at 16–27. The BIA dismissed his appeal, finding that he failed to: (1) file an application for asylum within one year of entering the United States; (2) meet his burden of proof for withholding of removal; and (3) challenge the IJ's denial of CAT relief. See AR at 12. Oloan then filed a motion seeking reconsideration of the CAT relief based on testimony he had made before the IJ. See AR at 5. BIA denied Oloan's motion, finding that the IJ had considered his eligibility for CAT relief and that the testimony Oloan had made before the IJ was insufficient to constitute a challenge of the IJ's denial of CAT relief. See AR at 2. Oloan now petitions for review of the BIA's decisions.

## II. DISCUSSION

Since the BIA did not expressly adopt the IJ's order, we review the BIA's decision only. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's factual determinations under the substantial evidence test and

3

will affirm if the decision "is supported by reasonable, substantial, and probative evidence." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007) (quotation marks omitted). If the BIA's decision involves legal determinations, they are subject to de novo review. See id. We also review de novo any questions involving subject-matter jurisdiction. See Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam).

Oloan raises two issues regarding the BIA's decision. First, he contends that his failure to meet the one-year time limit for filing an asylum claim should not be a jurisdictional bar. Rather, the issue of whether his case falls within an exception to that provision constitutes a "question of law" that we should be able to review. In support of this notion, he notes that some of our sister circuits have adopted this "question of law" approach and asserts that he would be able to challenge the one-year deadline in a habeas corpus petition under 28 U.S.C. § 2241. Second, he argues that the BIA abused its discretion by dismissing his application without first rendering a credibility finding.

As a preliminary matter, the only issue we need to resolve on appeal is whether the BIA properly dismissed Oloan's asylum application. Though Oloan refers in his brief to the BIA's dismissal of his claims for CAT relief and withholding of removal, he does not make any substantive arguments for either issue and cites no authority. We find such a cursory treatment to constitute a

4

waiver of his challenge on both issues. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) ("When an appellant fails to offer argument on an issue, that issue is abandoned."); see also Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding that a party waived an issue when he mentioned the district court's decision regarding that issue but "elaborate[d] no arguments on the merits" of the issue in his briefs). Accordingly, we deny both of those claims.

An alien applying for asylum must file the application withing one year of arriving in the United States. See 8 U.S.C. § 1158(a)(2)(B). The alien can get around this time bar by showing "to the satisfaction of the Attorney General" that there were either "changed circumstances which materially affect[ed] [his] eligibility for asylum" or "extraordinary circumstances" which prevented his filing the application within the one-year period. 8 U.S.C. § 1158(a)(2)(D). We have no jurisdiction to review any determination made by the Attorney General regarding whether the alien has provided the requisite showing. See 8 U.S.C. § 1158(a)(3); Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1217–18 (11th Cir. 2002) (per curiam). Oloan correctly notes that some of our sister circuits have deemed the issue of eligibility for these exceptions to be a "question of law," which they could review pursuant to 8 U.S.C. § 1252(a)(2)(D). See, e.g., Ramadan v. Gonzales, 479 F.3d 646, 648 (9th Cir. 2007); Diallo v. Gonzales, 447 F.3d 1274, 1281–82 (10th Cir.

5

2006).  However, we have specifically found eligibility to involve a non-reviewable factual or discretionary decision by the Attorney General rather a reviewable legal interpretation and see no reason to second-guess that interpretation here.  See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (per curiam).  Accordingly, we do not have jurisdiction to hear Oloan's challenge to the BIA's dismissal of his application for asylum.[1]  See id.

### III. CONCLUSION

Oloan petitions for review of the BIA's dismissal of his application for asylum, withholding of removal, and CAT relief.  Since Oloan failed to either file his asylum application within the allotted one-year time limit or provide evidence regarding why he should be entitled to an exception to that limit, we have no jurisdiction to address his appeal and thus DISMISS his petition as to that claim.  Additionally, we find that he has waived his challenge to the other two portions of the BIA's decision by presenting no substantive arguments for either and thus DENY his petition as to those two claims.

**DISMISSED IN PART, DENIED IN PART**

---

[1] Since we have no jurisdiction, we need not address Oloan's other arguments regarding the BIA's failure to make credibility determinations and the availability of habeas review.